IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| JESUS and KANDA MARTINEZ, | § |
| Plaintiffs, | § |
| v. | § NO. 2:12-CV-265 |
| ANGEL EXPLORATION, LLC and NATURAL GAS SPECIALISTS INC., | § |
| Defendants. | § |

## MEMORANDUM OPINION AND ORDER

Four motions are before the Court: Defendant Angel Exploration's *Motion to Dismiss or, in the Alternative, to Transfer*; Defendant Natural Gas Specialists' *Motion to Dismiss for Improper Venue or, in the Alternative, to Transfer*; Angel's *Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6)*; and Defendants' *Joint Motion for Leave to Designate Responsible Third Party*. For the following reasons, this case will be transferred to the Western District of Oklahoma, and all other pending motions will not be ruled on by this Court.

## BACKGROUND

Jesus Martinez is a resident of Texas and an employee of Smith Contract Pumping, a Texas company. His thumb was cut off while he was servicing a petroleum well in Oklahoma owned by Angel Exploration. Angel has contracted with Smith to service Angel's wells for about 25 years. All of Angel's wells are in Oklahoma. Martinez sued Angel for negligence and premises liability; and Natural Gas Specialists (NGS), another servicer of the well, for negligence. Both Angel and NGS are Oklahoma-registered entities. Neither company owns property in Texas. Neither has an agent here.

Page **1** of **10**

Angel seeks dismissal under Rule 12(b)(2). Angel asserts that its contacts with Texas are insufficient for the Court to exercise personal jurisdiction over it and that jurisdiction can be shown in no other way. NGS has not challenged personal jurisdiction. However, both Angel and NGS seek dismissal for improper venue under Rule 12(b)(3) or 28 U.S.C. § 1406(a) or, in the alternative, transfer of this matter to the Western District of Oklahoma under 28 U.S.C. § 1406(a) or 1404(a).

Angel additionally seeks dismissal under Rule 12(b)(6) on the ground that Martinez fails to state a claim for which relief can be granted because his claim is barred by Oklahoma worker's compensation laws.

## LEGAL STANDARDS

### RULE 12(b)(2)

When challenging a court's *in personam* jurisdiction, a plaintiff need only make a *prima facie* showing of predicate facts. Any contested facts must be resolved in favor of jurisdiction. *McFadin v. Gerber*, 587 F.3d 753, 758 (5th Cir. 2009). Because the Texas long-arm statute extends to the limit of the Fourteenth Amendment's Due Process Clause, federal courts applying the statute only consider whether the exercise of personal jurisdiction comports with the Constitution. *Id.* at 759. Personal jurisdiction will be found if the plaintiff shows that the defendant "purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts" there and that "the exercise of personal jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice." *Id.* If a defendant's business contacts with the forum state are continuous and systematic, a forum court can exercise general jurisdiction over the defendant whether the action arises from the

defendant's contact with the forum state or not. *Id.* If the defendant's forum contacts are less than continuous and systematic, the court may exercise specific jurisdiction if suit arises out of or is related to those contacts. *Id.*

A court analyzes three factors when determining specific jurisdiction: "(1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." *Id.* No one element is decisive, and courts should determine whether the facts demonstrate that the defendant reasonably anticipates suit in Texas. "The defendant must not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or third person." *Id.*

### RULE 12(b)(3)

"Rule 12(b)(3) and § 1406(a) provide for dismissal or transfer of an action that has been brought in an improper venue." *In re Atl. Marine Const. Co., Inc.*, 701 F.3d 736, 739 (5th Cir. 2012). Once a defendant has objected to venue, the burden shifts to the plaintiff to establish that venue is proper. In doing so, the Court "must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007) (citing *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004)). However, in its analysis, "the court is permitted to look at evidence in the record beyond simply those facts alleged in the complaint and its proper attachments." *Ginter ex rel. Ballard v. Belcher, Predergast & Laporte*, 536 F.3d 439, 449 (5th Cir. 2008).

28 U.S.C. § 1406(a)

Under 28 U.S.C. § 1406(a), when venue is found to be improper, "[t]he district court ... shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). If venue is improper, "a district court has broad discretion in determining whether to dismiss or transfer a case in the interest of justice." *Caldwell v. Palmetto State Savs. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987).

### PERSONAL JURISDICTION OVER ANGEL EXPLORATION

Angel is not subject to general jurisdiction in Texas. Its only Texas contacts are directed at Oklahoma operations: it has purchased goods and services—including its long-term contract with Smith—from Texas providers, but only to operate Oklahoma wells. Purchasing goods and services of Texas companies does not make Angel at home here. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846. 2855–57 (2011); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 418 (1984) ("mere purchases, even if occurring at regular intervals, are not enough to warrant a State's assertion of *in personam* jurisdiction over a nonresident corporation in a cause of action not related to those purchase transactions."). General jurisdiction is inapplicable.

Martinez must show three things to establish that this Court can exercise personal jurisdiction over Angel: "(1) the defendant has purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) the exercise of personal jurisdiction is fair and reasonable." *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009).

First, Angel did not purposely direct its activities at Texas or purposefully avail itself of the privileges of conducting activities here. It has not directed its goods or services to Texas at all. Angel's one relevant contact with Texas (contracting for Smith to service Oklahoma wells) is directed exclusively at Oklahoma. The contract requires one thing: for Smith to service wells in Oklahoma.

Martinez's position is similar to the plaintiff's in *Freudensprung v. Offshore Technical Services, Inc.*, 379 F.3d 327, 344 (5th Cir. 2004), where the plaintiff was injured on a barge off the Nigerian coast. In Texas (the arbitration forum contractually selected by the parties) he sued WWAI, the Panamanian owner of the barge. The plaintiff worked as an independent consultant for OTSI, a Texas company, which in turn had an agreement to staff WWAI's barge. WWAI argued that Texas courts had no personal jurisdiction over it due to insufficient contacts with Texas.

The court held that "the fact that WWAI contracted with Texas-based OTSI, initiated and contemplated a long-term business relationship with OTSI, communicated with OTSI concerning the development and execution of the contract, and wired money to OTSI in Texas do not indicate that WWAI intended to avail itself of the privilege of doing business in Texas. The significance of these alleged minimum contacts is severely diminished by the fact that the contract at issue specified that . . . the material portions of the contract . . . were to be performed in West Africa, not Texas." *Id.* at 345 (internal citations omitted); *see also McFadin*, 587 F.3d at 759–60 (finding no personal jurisdiction in Texas even though Colorado saleswoman's contact information appeared on website, she had contract with Texas manufacturer, and her representative sold goods in Texas, because contract centered around saleswoman's operations

outside Texas); *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 778 (5th Cir. 1986) (holding specific jurisdiction inappropriate where defendant communicated extensively with, sent payments to, and contracted with Texas counterparty for drilling contract to be performed in Oklahoma); *Stuart v. Spademan*, 772 F.2d 1185, 1194 (5th Cir. 1985) (finding insufficient contacts where defendant negotiated and closed contract in Texas, shipped goods to Texas, and sent payments to Texas).

Similarly, the fact that Angel contracted with Texas-based Smith, initiated and contemplated a long-term business relationship with Smith, communicated with Smith concerning the development and execution of the contract, and sent money to Smith in Texas do not indicate that Angel intended to avail itself of the privilege of doing business here. On the contrary, everything Angel asked of Smith was to be done in Oklahoma, not Texas.

Second, Martinez's cause of action does not arise out of or result from Angel's Texas-related contacts. This is a tort action, and Angel's alleged negligence occurred at a well in Oklahoma, not Texas. Martinez's tenuous argument is that (1) Angel contracted with Smith, a Texas company, to service its wells; (2) Smith hired Martinez, a Texas resident; (3) Martinez, pursuant to the Angel-Smith contract, went to Oklahoma and got his thumb cut off at Angel's well; (4) therefore, Angel's Texas relationship with Smith led to a Texas resident being injured as Angel's business invitee.

This argument is also similar to the plaintiff's in *Freudensprung*. There, the court noted that "Freudensprung is not a party to the contract between OTSI and WWAI . . . which Freudensprung cites as evidence of WWAI's minimum contacts with the forum state. The [contract] provides that WWAI agrees to purchase professional services from OTSI for the

performance of WWAI's projects in West Africa, that all personnel supplied by OTSI remained employees of OTSI while assigned to WWAI, and that WWAI was absolved of the ordinary liabilities flowing to an employer. Thus, strictly speaking, the instant litigation does not 'arise out of or relate to' WWAI's contacts with Texas." *Id.* at 344 (citing *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 884 (5th Cir. 1993)).

Likewise, Martinez is not a party to the contract between Smith and Angel, which Martinez cites as evidence of Angel's minimum contacts with Texas. Angel contracted with Smith Contract Pumping, not Martinez, for Oklahoma services. Angel agreed to pay Smith to service wells in Oklahoma, but there is no evidence that Martinez somehow became an Angel employee. Thus, the instant litigation does not arise out of or relate to Angel's contacts with Texas.

Because the first two factors are not met, the Court need not address the third—whether exercising jurisdiction is fair and reasonable—which is only considered "[o]nce it has been decided that a defendant purposefully established minimum contacts within the forum State . . . ." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985). Even acknowledging that the third factor can "sometimes serve to establish reasonableness of jurisdiction upon a lesser showing of minimum contacts than would otherwise be required," *id.* at 477, the first two factors are too weak to be saved by the third. Consequently, Plaintiff has failed to make a *prima facie* showing of jurisdiction over Angel.

## VENUE

This case is governed by the general venue statute, which states in relevant part:

> **(b) Venue in General**—A civil action may be brought in—**(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is

located; [or] **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .
**(c) Residency**—For all venue purposes . . . **(2)** an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, *shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction* with respect to the civil action in question . . . .

28 U.S.C. § 1391 (emphasis added). Venue here is improper under § 1391(b)(2), as Martinez's injury and Defendants' alleged negligence occurred in Oklahoma, and Angel did not require Smith or Martinez to do anything in Texas.

Under § 1391(b)(1), NGS and Angel argue that the Northern District of Texas is an improper venue because they have insufficient contacts to establish personal jurisdiction here, making them non-residents. Martinez contends that because NGS has waived personal jurisdiction by failing to argue jurisdiction before seeking dismissal or transfer for inappropriate venue, NGS has also waived venue under § 1391(b)(2).

Some courts have held that bringing a 12(b)(3) venue motion without a 12(b)(2) personal jurisdiction motion is not a waiver of venue as well as jurisdiction. *DSMC, Inc. v. Convera Corp.*, 273 F. Supp. 2d 14, 19 (D.D.C. 2002) ("this Court does not have venue simply by virtue of this waiver and must make a separate inquiry into whether personal jurisdiction exists."); *Wine Markets Intern., Inc. v. Bass*, 939 F. Supp. 178, 180 (E.D.N.Y. 1996) ("the Court should assess [jurisdiction] as it existed when the complaint was filed, irrespective of subsequent consent or waiver."). *But see Knapper v. Safety Kleen Sys., Inc.*, No. CIV-A-908-CV-84-TH, 2009 WL 909479 (E.D. Tex. Apr. 3, 2009) ("All defendants have submitted to the jurisdiction of this Court. With their submission, the improper venue analysis ends."); *KMR Capital, L.L.C. v.*

*Bronco Energy Fund, Inc.*, No. CIV-LSA-06CA-189OG, 2006 WL 4007922 (W.D. Tex. July 11, 2006) (citing cases holding that failing to object to jurisdiction establishes venue).

Assuming arguendo that this Court has venue over NGS by waiver, however, this entire case should be transferred to the Western District of Oklahoma because the Court does not have jurisdiction over Angel and both defendants reside there. Section 1406(a), under which both defendants seek transfer if not dismissal, states that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Because Angel is not a resident of Texas for jurisdiction purposes, this Court does not sit in "a judicial district in which any defendant resides, [because not] all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391.

Venue is therefore inappropriate here and the Court has power to transfer the entire case, in which all claims will require similar proof, to a court where the case could have been properly filed. *See, e.g., Bradley v. Nat'l Convention Services, LLC*, No. CIV. 06-1624(PJS/RLE), 2006 WL 2361847 (D. Minn. Aug. 15, 2006) ("rather than dismiss two of the five defendants and risk creating piecemeal litigation, the Court will invoke § 1406(a) and transfer this case to the Southern District of New York."); *Trex Co., L.L.C. v. Canton Lumber Co.*, No. CIV.A-5:01CV00009, 2001 WL 543227 (W.D. Va. May 16, 2001) ("The court . . . has personal jurisdiction over Canton, but transfer as to Canton is in the interests of justice, based on want of jurisdiction over Diversified."). There is no reason to encourage duplicative litigation by transferring Angel but not NGS. Further, because another venue is clearly appropriate for the

entire case, the Court will not promote delay and expense by dismissing Angel alone. The whole case will be transferred to the Western District of Oklahoma.

## CONCLUSION

Defendants' motions to transfer are GRANTED. This case is TRANSFERRED in its entirety to the Western District of Oklahoma. The other pending motions will not be ruled on by this Court.

It is SO ORDERED.

Signed this the 11 day of April, 2013.

MARY LOU ROBINSON
**UNITED STATES DISTRICT JUDGE**